IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Zosimo Mendiola Garcia,<br><br>     Plaintiff,<br><br>v.<br><br>     and<br><br>C And D Northfield LLC dba Happ Inn,<br>Taco Nano LLC dba Taco Nano!,<br>The Good Plate Hospitality Group, LLC and<br>Robert Lopatin<br>     Defendants. | Case No. 21-CV-6071<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

Plaintiff, Zosimo Mendiola Garcia ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against C and D Northfield LLC dba Happ Inn ("Happ Inn"), Taco Nano LLC dba Taco Nano! ("Defendant" or "Taco Nano"), The Good Plate Hospitality Group, LLC ("Good Plate"), and Robert Lopatin ("Lopatin"). Happ Inn, Taco Nano, Good Plate, and Lopatin may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Lake County, Illinois; and he was employed by Good Plate, Taco Nano, Happ Inn, and Lopatin.

3. On information and belief, Good Plate, Happ Inn, and Taco Nano are related and/or affiliated entities.

4. Happ Inn is a business that is located, headquartered, and conducts business in Cook County, Illinois. Specifically, it is a bar and grill type restaurant.

5. Taco Nano is a Mexican restaurant that is headquartered and conducts business in Cook County, Illinois, which serves Mexican food and alcoholic beverages.

6. Good Plate is an entity that operates a number of restaurants throughout the Chicagoland community, including Happ Inn and Taco Nano.

7. Lopatin is the manager of record for both Happ Inn and Taco Nano, and he is in charge of its employees. On information and belief, Lopatin is a resident of Cook County, Illinois.

8. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

9. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Cook County, Illinois.

## Facts Common To All Claims

11. Happ Inn is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

12. Taco Nano is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

13. Good Plate is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

14. Lopatin is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" and manager at Happ Inn and Taco Nano; (2) he had the power to hire and fire the employees, including Plaintiff; (3) he possessed the authority to supervise and controll Plaintiff's work schedules and conditions of employment; (4) he possessed the authority to determine the rate and method of payment for employees; and (5) he has the power and authority to maintain employment records.

15. Plaintiff worked at both Happ Inn and Taco Nano as a cook, doing food prep, cleaning, and other general duties around the kitchen. Plaintiff began working for Defendants in 2009, and his last date of work was September 22, 2021.

16. Plaintiff would typically work at Happ Inn from 8:00 am to 3:00 pm, for five days per week; and 3:00 pm to 9:00 pm at Taco Nano, for six days per week. Plaintiff averaged approximately seventy-one (71) hours per week.

17. Happ Inn and Taco Nano operated out of the same mall in Northfield, Illinois.

18. Happ Inn and Taco Nano would often share food and supplies between the two restaurants.

19. Happ Inn and Taco Nano shared a head chef and general manager.

20. According to records maintained by the Illinois Secretary of State, Happ Inn, Taco Nano, and Good plate share a principal office, located at 350 N. Clark Street, Suite 400, Chicago, IL 60654.

21. Taco Nano and Happ Inn also share a manager of record for their respective entities, Defendant Lopatin.

22. Taco Nano is advertised and marketed on Happ Inn's website; Happ Inn is advertised and marketed on Taco Nano's website; and both Taco Nano and Happ Inn are marketed on Good Plate's website, which operates both restaurants.

23. Plaintiff would sometimes have to "float" between Happ Inn and Taco Nano, depending on the flow of business and the directions of his supervisors.

24. In light of the foregoing, Good Plate, Happ Inn, and Taco Nano share a joint or dual employment relationship over Plaintiff.

25. Defendants forced Plaintiff to clock-in and clock-out for his respective work times at Happ Inn and Taco Nano; and Defendants cut separate paychecks to Plaintiff from Happ Inn and Taco Nano, thereby creating the false impression that he was working less than forty hours per week for two different entities.

## COUNT I: VIOLATION OF THE FLSA

26. Plaintiff reincorporates by reference Paragraphs 1 through 25, as if set forth in full herein for Paragraph 26.

27. Plaintiff began working at for Defendants before October 2018.

28. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform cooking and kitchen duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

28. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 71 hours per week.

29. Plaintiff was paid their wages on a(n) hourly basis.

30. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

31. Plaintiff's rates of pay during the relevant time periods were: $16 per hour from November 2018 through approximately May 2019; and $17 per hour from approximately June 2019 through his last date of work in September 2021.

32. Throughout the course of Plaintiff's employment with Defendants Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

33. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

40. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, particularly because Plaintiff was forced to clock-in and clock-out for both Taco Nano and Happ Inn, despite the fact that they shared a joint or dual employer relationship over Plaintiff.

41. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $28,721.50 in unpaid overtime wages; (ii) liquidated damages of $28,721.50; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Zosimo Mendiola Garcia respectfully requests that the Court enter a judgment in their favor and against Defendants Happ Inn, Taco Nano, Good Plate, and **Error! Reference source not found.** Lopatin, jointly and severally, for:

A.  The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $28,721.50;

B.  An award liquidated damages in an amount equal to at least $28,721.50;

C.  A declaration that Defendants violated the FLSA;

D.  An award reasonable attorneys' fees and costs; and

E.  Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF IMWL

42. Plaintiff incorporates by reference Paragraphs 1-41, as if set forth in full herein for this Paragraph 42.

43. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

44. Defendants' failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

46. The amount of unpaid overtime wages owed to Plaintiff is $28,721.50.

WHEREFORE, Plaintiff Zosimo Mendiola Garcia respectfully requests that the Court enter a judgment in their favor and against Defendants Happ Inn, Taco Nano, Good Plate, and Lopatin, jointly and severally, for:

A.  The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $$28,721.50;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

                                    Zosimo Mendiola Garcia,

                                    s/Daniel I. Schlade
                                    Attorney For Plaintiff

Daniel I. Schlade (6273008)
James M. Dore
Attorney For Plaintiff
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: danschlade@gmail.com
       dschlade@justicialaboral.com
       jmdore70@sbcglobal.net
       jdore@justicialaboral.com

# EXHIBIT A

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | Unpaid OT | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|
| 11/11/2018 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 11/18/2018 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 11/25/2018 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 12/2/2018 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 12/9/2018 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 12/16/2018 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 12/23/2018 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 12/30/2018 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 1/6/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 1/13/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 1/20/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 1/27/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 2/3/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 2/10/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 2/17/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 2/24/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 3/3/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 3/10/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 3/17/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 3/24/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 3/31/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 4/7/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 4/14/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 4/21/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 4/28/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 5/5/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 5/12/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 5/19/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 5/26/2019 | 71 | 31 | $16.00 | $248.00 | $248.00 | $744.00 |
| 6/2/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/9/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/16/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/23/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/30/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/7/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/14/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/21/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/28/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/4/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/11/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/18/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/25/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/1/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/8/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/15/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/22/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/29/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 10/6/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 10/13/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 10/20/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 10/27/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/3/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/10/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/17/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/24/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/1/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/8/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/15/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/22/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/29/2019 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/5/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/12/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/19/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/26/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 2/2/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 2/9/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 2/16/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 2/23/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/1/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/8/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/15/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/22/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/29/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 4/5/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 4/12/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 4/19/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 4/26/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/3/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/10/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/17/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/24/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/31/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/7/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 6/14/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/21/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/28/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/5/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/12/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/19/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/26/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/2/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/9/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/16/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/23/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/30/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/6/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/13/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/20/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/27/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 10/4/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 10/11/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 10/18/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 10/25/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/1/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/8/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/15/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/22/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 11/29/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/6/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/13/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/20/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 12/27/2020 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/3/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/10/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/17/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/24/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 1/31/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 2/7/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 2/14/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 2/21/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 2/28/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/7/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/14/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/21/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 3/28/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 4/4/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 4/11/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 4/18/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 4/25/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/2/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/9/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/16/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/23/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 5/30/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/6/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/13/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/20/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 6/27/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/4/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/11/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/18/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 7/25/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/1/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/8/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/15/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/22/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 8/29/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/5/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| 9/12/2021 | 71 | 31 | $17.00 | $263.50 | $263.50 | $790.50 |
| **TOTALS** | | **3379** | | **28,721.50** | **28,721.50** | **86,164.50** |